Zimmerman, J.
Respondents assign as their first error that the Court of Appeals overruled their demurrer to the petition. The grounds of such demurrer were, first, that relator had an adequate remedy at law and, second, that the petition fails to state a cause of action.
In support of the first branch of their demurrer, respondents rely on the provision of Section 5625-28, General Code, which recites that a taxing authority which is dissatisfied with an action of the budget commission may appeal to the Board of Tax Appeals within 30 days after receiving the certificate of the commission. In the present case, however, it appears that the relator had received no such certificate and hence had nothing to appeal from. Although it may be true that relator could have compelled the delivery of the certificate referred to in Section 5625-28, General Code, by an action in mandamus, the failure to do so, under the circumstances, did not bar it from pursuing the course adopted.
A remedy at law is adequate only where it is available when needed. Here, before relator could have appealed to the Board of Tax Appeals, it would first have had to resort to an action in mandamus to procure the certificate on which its appeal to the board would be predicated. In this situation, therefore, relator was not precluded from instituting its action for mandamus in the Court of Appeals. See 25 Ohio Jurisprudence, 1012, Section 33.
*479 The second branch of respondents’ demurrer is based on the proposition that, since the certificate had not been issued, the budget commission had.not acted, and, therefore, the action was merely anticipatory and the petition could not be countenanced.
It is quite true that an action in mandamus will not lie to prevent the prospective or anticipatory breach of a duty. 25 Ohio Jurisprudence, 1000, Section 26. There are, however, exceptions to the rule. Where a clear legal duty is imposed and the facts show that the person on whom such duty rests will refuse to comply, a writ of mandamus may issue, even if the time for performance has not yet expired. 34 American Jurisprudence, 868, Section 79.
In the case at bar, the petition alleges that the budget commission had refused to include the levy in the budget. Respondents not only filed a demurrer to the petition, which had the effect of admitting such allegation, but in their answer they state that relator had no right to levy such tax, thus clearly indicating their own attitude in the matter — their refusal to include the tax in the budget. A situation of this kind comes within the exception to the above-stated rule.
The second and third assigned errors are as follows: (2) “That said Court of Appeals erred in sustaining demurrer of relator-appellee to answer of respondents-appellants. (3) That said Court of Appeals erred in entering judgment granting said writ of mandamus as prayed for.”
These two claimed errors are so related that they will be discussed together.
Under the provisions of Section 5625-20, General Code, the taxing authority of each political subdivision must adopt a tax budget for the next succeeding fiscal year. This budget is filed with the county auditor who, under the provisions of Section 5625-23, General *480 Code, must place the same before the budget commission with an estimate of any state levy, the rate of any school tax levy and any other information which the budget commission shall request.
Section 5625-23, General Code, further provides as follows as to the power of the budget commission:
“* * * The budget commission shall examine such budget and ascertain the total amount proposed to be raised in the county for the purposes of each subdivision and other taxing units therein.
“The budget commission shall ascertain that the following levies are properly authorized and if so authorized, shall approve them without modification:
“(a) All levies outside of the ten-mill limitation.” Although there are other sections of the Code touching the operation of the budget commission, the above-quoted section is the controlling one.
In regard to levies outside the 10-mill limitation under the above section, the only power of the budget commission is to determine whether such levies are properly authorized; if so, such levies must be included.
This brings us to a consideration of the import of the phrase, “properly authorized,” as employed in Section 5625-23, General Code.
“Properly authorized” as used in this section means that such tax is one which the taxing authority had the power to impose, either by its own action or by vote of the people, and that the enactment of the measure imposing the tax was in compliance with statutory requirements.
Respondents do not deny that in its inception the tax involved was within the power of the taxing authority to levy and that in the enactment levying it all the necessary procedural steps were taken.
Under the above statute, that is all the budget com *481 mission could determine. Once having determined and recognized that, it was its duty to include such tax in the budget. By the statute, the power of the budget commission cannot be extended to determine whether the use of such funds comes within the purpose of the enactment by which such tax was created.
Therefore, since the relator found and concluded that the county-home building was inadequate before such authorized tax levy was exhausted and further determined that it was within the purpose and contemplation of the levy to permit the expansion of such building, the relator had the authority to levy the tax for such expansion and should prevail in this action.
It follows that the judgment of the Court of Appeals should be affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Matthias, Hart and Stewart, JJ., concur.